**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Baltimore Division)

| | | |
|---|---|---|
| **CARLTON FORBES** <br> 1231 Eye Street, N.E. <br> Washington DC, 20002 | * <br><br> * | |
| **Plaintiff,** | * | |
| v. | * | Case No. |
| **SEAN CHRISTOPHER** <br> (a/k/a Sean Rench, a/k/a Sean Wrench) <br> d/b/a Bluewater Investment Properties <br> SERVE ON: Any Officer, Director, or <br>            Authorized Agent <br> **Bluewater Investment Properties** <br> 3604 Eastern Avenue <br> Baltimore, MD 21224 | * <br><br> * <br><br> * <br><br> * <br><br> * | |
| & | * | |
| **CHRISTOPHER STITT** <br> d/b/a Bluewater Investment Properties <br> SERVE ON: Any Officer, Director, or <br>            Authorized Agent <br> **Bluewater Investment Properties** <br> 3604 Eastern Avenue <br> Baltimore, MD 21224 | * <br><br> * <br><br> * <br><br> * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **COMPLAINT**

Plaintiff, Carlton Forbes ("Mr. Forbes"), by and through Adam M. Spence and SPENCE | BRIERLEY, brings the following Complaint against Defendants, Sean Christopher (a/k/a Sean Rench, a/k/a Sean Wrench) d/b/a Bluewater Investment Properties, and Christopher Stitt d/b/a Bluewater Investment Properties.

1

## INTRODUCTION

1.      Defendants, Sean Christopher and Christopher Stitt, d/b/a Bluewater Investment Properties (collectively known as "Defendants"), promised they could deliver a fully renovated, turnkey investment property in Baltimore, MD to Mr. Forbes within 30 days of his purchase of the property through them. After Mr. Forbes paid Defendants to acquire the property, the Defendants claimed the renovation was off to a good start and would be completed on schedule. Instead, Defendants took Mr. Forbes's money and did absolutely no work on the property. After Mr. Forbes discovered he had been deceived, Defendants refused to return the money he had paid them to renovate the property. Defendants even refused to turn over the keys to the property so Mr. Forbes could hire another developer to finish the job.

2.      As a result of the Defendants' fraud, Mr. Forbes has suffered more than $75,000 in damages.

## PARTIES

3.      Plaintiff, Carlton Forbes is a resident of Washington, DC.

4.      Defendant, Sean Christopher, a/k/a Sean Rench, a/k/a Sean Wrench, is a resident of Maryland and does business as Sean Rench, Sean Wrench and Bluewater Investment Properties.

5.      Defendant, Christopher Stitt, is a resident of Maryland and does business as Bluewater Investment Properties along with the other Defendant herein.

## JURISDICTION AND VENUE

6.      This court has jurisdiction under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7.      Venue is proper in this court under 28 U.S.C. § 1391(b)(1) & (2).

## BACKGROUND FACTS

**A.  Defendants Induce Forbes to Purchase 808 N Port Street**

8. In late May 2019, Bluewater employee Courtney Grumney contacted Mr. Forbes to set up a call to discuss investing in turnkey properties in Baltimore. On June 1, 2019, Bluewater employee Christopher Stitt ("Mr. Stitt") followed up with a phone call to Mr. Forbes.

9. Mr. Stitt introduced Bluewater as a provider of turnkey real estate investment opportunities. According to Mr. Stitt, Bluewater sells properties to investors, renovates the properties, and then connects the investor with a property manager who will place a tenant in the property. Mr. Stitt claimed investors who worked with Bluewater were often able to obtain a single-family home for $70,000 to $100,000 that would rent to a tenant for roughly $1,300 per month. Mr. Stitt offered to send Mr. Forbes details about several properties Bluewater had available. Mr. Forbes said he was open to seeing the material.

10. Over the following week, Mr. Stitt sent Mr. Forbes emails describing properties Bluewater was offering for sale. Each email contained a PDF document with photos of the property and an estimate of costs and potential revenue involved in the project.

11. On June 5, 2019, Mr. Stitt called Mr. Forbes to describe a new property for sale: a three-bedroom single-family home located at 808 N. Port Street in Baltimore ("808 N. Port Street"). Mr. Stitt offered to send Mr. Forbes a pro forma document breaking down the costs and potential revenue. According to Mr. Stitt, he did not have photos available of the inside of the property to include in the pro forma, so he planned to include photos from another property Bluewater had recently renovated so Mr. Forbes could get a sense of what the property would look like after the rehab was completed.

12. Later that day, Mr. Stitt emailed Mr. Forbes the pro forma. It included photos of a clean, light-filled home that had clearly been recently renovated. According to the pro forma, the purchase price of the home was $45,000 and the renovation would cost $30,000. The pro forma claimed the property would be professionally managed and would generate $1,300 in monthly income as follows:



13. Mr. Forbes responded that the projected rent seemed high based on research he had done. But Mr. Stitt assured Mr. Forbes that the property could rent for $1,300 per month because "1 - it's in a nicer neighborhood, 2 - it's newly renovated, [and] 3 - it's a three bedroom and those always go for a little more for this particular market." Mr. Stitt claimed that several properties had recently sold in the same neighborhood for between $139,000 and $214,300.

14. Based on the pro forma and the information Mr. Stitt had shared, Mr. Forbes agreed to purchase the property. He signed a sales contract on June 6, 2019, and shortly thereafter he wired the title company a $2,000 earnest money deposit. Mr. Stitt and Mr. Forbes agreed that the closing date for the transaction would be July 1, 2019.

**B. Defendants Rush Forbes to Complete the Sale and Mislead Forbes about the Renovation**

15. On June 19, 2019, Mr. Forbes received an email from an individual who claimed to be the president of Bluewater Properties. He introduced himself merely as Sean. The Bluewater website referred to him as Sean Christopher ("Mr. Christopher").

16. In the email, Mr. Christopher claimed that there had been a "miscommunication" between Mr. Stitt and Mr. Forbes. According to Mr. Christopher, Mr. Stitt had mistakenly set the closing date for June 18 (the day before Mr. Christopher sent his email), rather than July 1. Mr. Christopher asked Mr. Forbes if he would be willing to close that week rather than waiting until Mr. Forbes returned from out of the country. Mr. Christopher claimed he "[had] his construction team on standby waiting to start [the] project because [he] was under the impression it was closing Tuesday, [June 18]." Mr. Christopher told Mr. Forbes that the planned renovation of the property would be complete roughly 30 days after closing.

17. Mr. Forbes agreed.

18. On June 21, 2019, Mr. Forbes wired Dulaney Title $76,683.32 for the remaining $43,000 purchase price, the $30,000 renovation budget, and $3,683.32 in closing costs.

19. The following week, Mr. Forbes emailed Mr. Stitt and Mr. Christopher asking about next-steps for the project. He asked them to provide a scope of work for the renovation and to send a rehab and management agreement.

20. Mr. Stitt responded on June 26 that the contractor would begin work on the property the following week. According to Mr. Stitt, Bluewater would begin advertising the property to potential tenants two weeks after the rehab began and, "as long as there are no hiccups," they would "have the property back to [Forbes] by the end of the month." This planned timeline roughly corresponded to the 30-day estimate Christopher provided Forbes before closing on the property.

21. Two weeks later, Mr. Forbes emailed Mr. Stitt asking if Bluewater was still "on track to start looking for a tenant [over] the next couple weeks." Mr. Stitt responded, "Yes indeed." He claimed they had started the rehab the prior week, "so construction has already begun." According to Mr. Stitt, the contractors had "pulled out all the old stuff, so the initial 'gut' has been done." Mr. Stitt promised Mr. Forbes he would send photos of the rehab the following week.

22. Two weeks went by without Mr. Stitt providing an update on the renovation or any photos of the property. Mr. Forbes again emailed Mr. Stitt on July 25 asking for an update, but Mr. Stitt did not respond.

C. **Stitt Comes Clean**

23. On July 31, 2019, Mr. Forbes sent Mr. Stitt a text message asking if they could meet at the property over the weekend to review the progress Bluewater had made on the property. Mr. Stitt responded that he would be out of town, but he provided Mr. Christopher's phone number and suggested Mr. Forbes reach out to him.

24. Mr. Forbes attempted to contact Mr. Christopher asking to discuss the property, but Mr. Christopher did not respond.

25. On Friday, August 2, 2019, Mr. Stitt sent Mr. Forbes a text message admitting the renovation was well behind schedule. According to Mr. Stitt, Mr. Christopher had told Mr. Stitt he "doesn't want [to be] part of the process any more." Mr. Stitt claimed Mr. Christopher had "made promises to me that he did not follow through on." Mr. Stitt apologized that Mr. Forbes

7

"got caught in the middle of our differences," but he promised Mr. Forbes, "I will personally compensate you for any loss that [you] experience due to this."

26. Later that day, Mr. Forbes received an email from Mr. Christopher. He claimed the delays were due to a death in his family. According to Mr. Christopher, he had paid a team of contractors to begin working on the property, but they had not completed the work. "They did do the clean out," Mr. Christopher stated, "but the other work I just discovered was not completed."

27. Mr. Christopher claimed he fired the first team of contractors and had hired a new construction team. He indicated the new team would begin work the following Monday. He asked Mr. Forbes to give the team two weeks to get some work done on the property. He assured Mr. Forbes he would "VERY closely monitor this" to "ensure NO problems whatsoever."

28. Needless to say, Mr. Forbes found this turn of events alarming. He asked Mr. Christopher to call him to discuss the property that weekend. By that point, he was hesitant to continue working with Bluewater on the project. Mr. Forbes told Mr. Christopher they either needed to enter into a written renovation and management agreement by Monday, or Mr. Christopher needed to return the rehab budget and the keys to the property. Either way, Mr. Forbes was adamant that Bluewater immediately stop working on the property until they had reached an agreement. But the weekend came and went without Mr. Christopher responding.

29. Having received no response, Mr. Forbes emailed Mr. Christopher the following week asking him to return the keys to the property and the $30,000 renovation budget or to buy the property back from Mr. Forbes.

30. Mr. Christopher responded that he could not buy back the property because he had already paid the new contractors, who (contrary to Mr. Forbes's express instructions) had already begun working on the property. Mr. Christopher said he would be willing to return the keys, but he encouraged Forbes to

let him continue the project. "I will get the job done and promise you'll be very satisfied," Mr. Christopher said.

31. On August 7, 2019, Mr. Forbes told Mr. Christopher he was unwilling to continue working with Bluewater and demanded that Mr. Christopher return the keys to the property. Mr. Christopher did not respond to Mr. Forbes's August 7, 2019 email or any further emails from Mr. Forbes regarding the property.

32. Once Mr. Forbes was able to gain access to the property, he discovered that no work whatsoever had been done on the property. Although Defendants represented to Mr. Forbes that a "clean out" had been completed, abandoned furniture, trash, and other debris remained in every room in the property. The bathroom had a hole in the floor with pipes exposed underneath. And one of the bedroom doors was severely damaged and missing a doorknob.

33. Defendants had lied about the work they had done and their purported progress. Despite claiming they already spent the renovation budget on renovations, no renovation work had been done on the property.

## **COUNT I**
**(Breach of Contract)**

34. Plaintiff incorporates herein the foregoing averments as if each such averment was set forth at length and in full in this paragraph, additionally or in the alternative.

35. Defendants entered into an agreement with Mr. Forbes to sell him 808 N. Port Street, to renovate the property, and to find a tenant to rent the property. Defendants promised to complete the renovation within 30 days.

36. In exchange, Mr. Forbes paid $78,683.32 for the purchase and renovation of 808 N. Port Street.

37. During the 30 days following the sale, Defendants represented that work was done on the property.

38. But, in fact, no work had been done on the property, and Defendants have refused to return the money Mr. Forbes paid for a renovation.

39. Defendants breached their obligations to Mr. Forbes under the parties' agreement.

40. As a result, Forbes has suffered damages of $78,683.32.

WHEREFORE, Plaintiff, Carlton Forbes, respectfully requests that this Court enter judgment in favor of Plaintiff, and against Defendants, Sean Christopher (a/k/a Sean Rench, a/k/a Sean Wrench) d/b/a Bluewater Investment Properties, and Christopher Stitt d/b/a Bluewater Investment Properties, in the amount of $78,683.32, plus (a) pre-judgment interest at the legal rate; (b) post-judgment interest at the legal rate until paid in full; and (c) such other relief as this court deems proper.

## COUNT II
### (Fraud)

41. Plaintiff incorporates herein the foregoing averments as if each such averment was set forth at length and in full in this paragraph, additionally or in the alternative.

42. Defendants induced Mr. Forbes to purchase 808 N. Port Street by promising to complete their renovation within 30 days of closing.

43. At the time of Defendants' promises, Defendants knew or had reason to know that these promises were not true.

44. After selling Mr. Forbes the property, Defendants continued their fraud, telling Mr. Forbes that renovation had already begun and was on track. In reality, no work had been done on the property.

45. Further, when Mr. Forbes asked the Defendants to return the money he had paid for the renovation, they claimed they had paid contractors for work on the property and had no renovation monies left. However, little if any work has been done on the property, and Defendants have provided no evidence that any contractor was paid in connection with the renovation.

46. Defendants made false or misleading statements which had the capacity, tendency, and effect of deceiving Mr. Forbes, which statements were intended to induce him into his purchase of 808 N. Port Street.

47. As a result, Mr. Forbes suffered damages equal or greater than $78,683.32.

WHEREFORE, Plaintiff, Carlton Forbes, respectfully requests that this Court enter judgment in favor of Plaintiff, and against Defendants, Sean Christopher (a/k/a Sean Rench, a/k/a Sean Wrench) d/b/a Bluewater Investment Properties, and Christopher Stitt d/b/a Bluewater Investment Properties, in the amount of $78,683.32, plus (a) punitive damages in the amount of $250,000.00; (b) pre-judgment interest at the legal rate on the compensatory amount; (c) post-judgment interest at the legal rate on the entire amount until paid in full; and (d) such other relief as this court deems proper.

Respectfully submitted,

/s/ Adam M. Spence
Adam M. Spence, Esq., Md. Fed. Bar #14356
SPENCE | BRIERLEY, P.C.
409 Washington Avenue, Suite 1000
Towson, MD 21204
(410) 823-5003
Fax (443) 836-9181
adam@spencefirm.com
***Counsel for Carlton Forbes***

## JURY TRIAL DEMAND

Plaintiff, Carlton Forbes, demands a trial by jury on all issues raised by this Complaint which are triable by jury.

                        Respectfully submitted,

                        /s/ Adam M. Spence
                        Adam M. Spence, Esq., Md. Fed. Bar #14356
                        SPENCE | BRIERLEY, P.C.
                        409 Washington Avenue, Suite 1000
                        Towson, MD 21204
                        (410) 823-5003
                        Fax (443) 836-9181
                        adam@spencefirm.com
                        *Counsel for Carlton Forbes*